**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID BOOKER, | Case No.: 2:23-cv-00734-JAD-BNW |
| Plaintiff | |
| v. | **Order Denying Motions and Extending Time to File a Complete IFP Application** |
| SANCHEZ, et al., | |
| Defendants | [ECF Nos. 14, 17, 18] |

The federal magistrate judge in this case has given Plaintiff David Booker two chances to file a fully complete application to proceed *in forma pauperis* (IFP)[1] but he has yet to do so. Booker has not submitted a copy of his prison trust-fund account statement for the previous six-month period.[2]

In response to the last extension of time,[3] Booker filed two motions for injunctive relief—one that urges me to order prison officials to give Booker his IFP documents or be held criminally liable[4] and the other that wants me to find a prison official criminally and financially liable.[5] Booker also filed another motion for preliminary injunction that may be substantively

---

[1] ECF Nos. 3, 16.
[2] *See* ECF No. 8.
[3] ECF No. 16.
[4] ECF No. 17.
[5] ECF No. 18.

related to the claims in his complaint[6]; he also filed a motion to substitute a magistrate judge in a different case.[7]

I defer a decision on the motion for injunctive relief that might be substantively related to the claims in his complaint but deny several of the other motions. First, I deny the motion to substitute U.S. Magistrate Judge Albregts in *Booker v. High Desert State Prison*, 2:23-cv-00469-ART-DJA, because I am not a part of that case.[8] Second, I deny the injunctive-relief motion in which Booker asks me to find prison officials criminally and financially liable for damages under criminal and civil law because he is not a prosecutor.[9] Third, I deny the injunctive-relief motion in which Booker seeks criminal penalties against prison officials for not sending him his inmate account statement because, again, he is not a prosecutor.[10] However, I grant Booker one final extension of time until October 15, 2023, to file his inmate account statement or pay the full $402 filing fee.[11]

---

[6] ECF No. 13.

[7] ECF No. 14.

[8] *Id*.

[9] ECF No. 18; *see United States v. Nance*, 962 F.2d 860, 864–65 (9th Cir. 1992), *as amended* (May 18, 1992) (holding that the "ultimate decision whether to charge a defendant, and what charges to file, . . . rests solely with state and federal prosecutors").

[10] ECF No. 17; *see Nance*, 962 F.2d at 864–65.

[11] To apply for *in forma pauperis* status, an inmate must submit all three of the following documents to the court: (1) a completed Application to Proceed *in Forma Pauperis* for Inmate, which is pages 1–3 of the court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed Financial Certificate, which is page 4 of the court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the inmate's prison or jail trust-fund account statement for the previous six-month period. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2.

## Conclusion

IT IS THEREFORE ORDERED that a decision on the motion for preliminary injunction (ECF No. 13) is deferred.

IT IS FURTHER ORDERED that the motion to substitute and motions for additional injunctive relief **(ECF Nos. 14, 17, 18) are DENIED.**

IT IS FURTHER ORDERED that Booker has until October 15, 2023, to submit a copy of his prison trust-fund account statement for the previous six-month period or pay the full $402 filing fee. Booker is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows Booker to refile the case with the court, under a new case number, when Booker can file a complete IFP or pay the required filing fee.

The Clerk of the Court is directed to **SEND** Booker the approved IFP form for an inmate and instructions for the same.

Dated: August 30, 2023

_____
U.S. District Judge